## In re KEYSTONE VULCANIZING CO.

### In re GALE.

#### (District Court, E. D. Pennsylvania. May 17, 1916.)

#### No. 4517.

BANKRUPTCY ☞340—CLAIMS—EVIDENCE—SUFFICIENCY.

    Evidence *held* to show that claimant purchased an interest in an existing partnership and made payments on account of the purchase price, and not that he loaned money to the partnership, which after incorporation became bankrupt.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 527; Dec. Dig. ☞340.]

In Bankruptcy. In the matter of the bankruptcy of the Keystone Vulcanizing Company. Petition by the claimant, one Gale, for review of order of referee rejecting his claim. Order affirmed, and petition dismissed.

Michael A. Maloney, of Philadelphia, Pa., for claimant.
Franklin Spencer Edmonds, of Philadelphia, Pa., for trustee.

DICKINSON, District Judge. The review asked for is of a finding of fact by the referee. If the claimant sought to purchase an interest in an existing partnership and made a payment on account of the purchase price, it is clear that he cannot, if the interest turns out to be worthless, afterwards pose with success as a creditor. If, on the other hand, the claimant loaned money to the partnership, the mere statement of the fact makes clear his status as a creditor. There

is nothing worthy of inquiry except an inquiry into the fact. The fact has been found against the claimant by the referee, and the opinion accompanying the finding vindicates its correctness beyond any occasion for discussion.

The earnestness and fullness with which counsel for the claimant presses the argument in his behalf, and the evident faith and confidence of counsel in the justness of the claim, justify a word more. This confidence and earnestness has led to what, upon reflection, counsel will themselves see is undue emphasis in their complaint of error in the report of the referee. The transactions among all the parties involved present the characteristic features of muddle due to the curious inability of many people to distinguish between the right and power of control of a person over his individual property and the like control of the property of a corporation which the same person has been instrumental in having incorporated. These facts at least cannot be gainsaid. There was a partnership and partnership business in which Prime and Cromer had come to be the partners. The claimant, Gale, was appealed to by Prime, primarily for help, and as a means of granting this to take an interest in the business. Gale was willing to help. With the thought in mind of eventually having an interest in the business Gale advanced Prime, or the partnership, $250. This was February 16, 1912. For this he took a note and was to receive payment in supplies purchased at cost. He received such supplies to the amount of $197.61. On March 2, 1912, Gale offered to buy out Cromer's interest for $1,500 and to put $1,000 into the business. The project was to incorporate the business, half the capital stock of which was to be issued to Gale. Presumably the partnership debts were to be paid. At least a note on which Cromer was indorser was to be taken care of by the corporation. Gale made this offer, understanding that the deficit or debt (whether deficit or debt is not wholly clear) of the partnership was $1,200. He later learned there was a shortage in assets of much more than $1,200. He then declined to pay Cromer $1,500 for the Cromer interest. Cromer was asked to accept stock in the proposed corporation in place of cash. Another corporation was also talked of, the capital of which was to be supplied by Gale and others. The organization of this latter corporation was dropped. Gale went ahead to have the first suggested company incorporated and letters patent were taken out in Delaware. The company had a nominal capital of $10,000, which was increased to $25,000. A certificate for shares to the nominal value of $250 issued to Gale.

There is evidence to justify the finding that additional shares to a like amount were taken by him, a certificate for which was made out, although never delivered. The record does not disclose when the company was incorporated. It was probably in March, or before April 5, 1912. Evidently some one had in mind the project to have the company assume the debts of the partnership. There is no evidence that this was done, however. We understand the corporation to be the bankrupt. The filing date of the petition is not shown. Gale has shown by satisfactory evidence that he advanced to some one, for some purpose, about $1,500, of which he received back in supplies a little less than $200, and in shares of stock at least $250, and perhaps

$500. The finding of the referee that he is not a creditor of the bankrupt has, among other things, the support of these undisputed facts. He offered to acquire an interest in the partnership, and to put into it, among other things he was to do, $1,000. Admitting (in order to get his own viewpoint) that his offer was tentative and conditional, and not binding upon him, he nevertheless did advance the money, and the moneys he is now claiming as a creditor he categorically admits were paid by him in pursuance and in furtherance of his proposition. He seems to have paid in excess of his offer. This he explains partly by the statement that the partnership was hard-pressed and he thought it would turn out all right, and partly by the further statement that some of the money went to pay the expense of taking out the charter. The point is he clearly admits he advanced the money because of his offer to take a $1,000 interest in the business of the firm. During this time he signed leases as a partner. The inference could not be otherwise than that the money was a capital contribution. There is justification for the thought entertained by the referee that the form of debt claim which the transaction was made to take was an afterthought. The claimant cannot with very good grace complain of this in the light of the antedating and expansion of the claim into a $5,000 judgment note.

The finding is approved, the report of the referee affirmed, and the petition for review dismissed.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes